United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30489
Summary Calendar
_____

BALBIR SINGH TULI,

Appellant,

versus

UNITED STATES TRUSTEE,

Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
District Court Cause No. 03-CV-533-A
_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PRADO, Circuit Judge.[*]

Appellant Balbir Singh Tuli challenges the bankruptcy

court's dismissal of his chapter 11 bankruptcy petition against

Consort Constructions, Ltd. (Consort).  Tuli, the owner and sole

shareholder of Consort, as well as a putative creditor, initiated

an involuntary chapter 11 proceeding against Consort on September

20, 2002.  On March 3, 2003, the United States Trustee filed a

motion asking the bankruptcy court to convert the involuntary

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

1

proceeding into a voluntary proceeding on the ground that Consort had failed to retain counsel. In response, the bankruptcy court issued an order requiring Tuli to show cause why the case should not be dismissed for lack of sufficient creditors[1] and why Tuli should not be sanctioned for appearing both as a petitioning creditor and as a representative of the debtor. Consort responded by asking the bankruptcy court to appoint attorney Barry Miller to represent it.

The bankruptcy court held two hearings on the Trustee's and Consort's motions. After the hearings, the bankruptcy court denied Consort's motion to employ Miller as counsel based on a conflict of interest and dismissed the case because Consort lacked sufficient assets to reorganize. Tuli appealed the dismissal order to the district court. The district court affirmed the bankruptcy court's order. Tuli now appeals to this court.

Tuli argues that the bankruptcy court abused its discretion in dismissing his petition. This court reviews the district court's decision sitting as an appellate court by applying the same standards of review the district court applied to the bankruptcy court.[2] The district court reviews a bankruptcy court's decision to dismiss a chapter 11 bankruptcy case for

---

[1]The petition listed only Tuli as a petitioning creditor.

[2]*See In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001).

2

abuse of discretion.[3]  Thus, this court reviews the dismissal of Tuli's petition for an abuse of discretion.

Section 1112 of the bankruptcy code permits the bankruptcy court to dismiss a bankruptcy case for cause.[4]  Section 1112 sets forth a nonexhaustive list of factors to assist the bankruptcy court in determining when cause exists.[5]  Those factors include the "diminution of the estate and absence of a reasonable likelihood of rehabilitation" and an inability to effectuate a reorganization plan.[6]

Here, the dismissal order does not specify the reasons for dismissal.  Instead, the order refers to the "oral reasons given at the hearing held on April 11, 2003."  During that hearing and a previous hearing, the bankruptcy court expressed its concerns that Consort lacked sufficient assets to reorganize and that the creditors' claims were prescribed.  The court observed that Consort's comparative balance sheet listed only two assets: a claim of interest against an entity named "Alstom" and a construction plant in Baghdad, Iraq.  Notably, the schedule listed no bank accounts, cash, real estate or any other property.

---

[3]*See In re Humble Place Joint Venture*, 936 F.2d 814, 816 (5th Cir. 1991).

[4]*See* 11 U.S.C. § 1112(b) (2004).

[5]*See id.* (using the term "including" before listing various reasons for dismissing a case).

[6]11 U.S.C. § 1112(b)(1)-(2).

The court also noted that the creditors' claims against Consort arose during the mid-1980s and predicted that those claims were probably prescribed.  The court questioned whether Consort had any assets to pay its creditors.

Addressing these concerns, Tuli explained that Consort sought construction contracts to provide assets for reorganization and that Consort hoped to participate in the rebuilding of Iraq at some future time.  Tuli also stated, however, that Consort's claim against Alstom was assigned to him and that the construction plant was held by customs in Iraq. Tuli admitted that Consort had no other assets and no construction projects at that time.

After hearing Tuli's explanation, the bankruptcy court determined that Consort lacked assets that could serve as a basis for reorganization.  The court determined that even if the claim against Alstom was not prescribed, the claim now belonged to Tuli, not Consort.  The court also expressed concern that any right Consort had to the construction plant in Iraq was highly uncertain.  The bankruptcy court recognized that no reasonable likelihood existed that Consort could be reorganized.  Based on the evidence in the record, this determination was proper. Although Tuli complains that the bankruptcy court erred because it did not permit him to present his plan for reorganization, presenting this plan would have been futile because Consort had

4

no assets.  The bankruptcy court did not abuse its discretion.[7]

Having determined that the bankruptcy court did not err in dismissing the petition, this court need not consider any complaint Tuli has regarding the appointment of Barry Miller as counsel for Consort.  The court affirms the judgment of the district court.

AFFIRMED.

---

[7]*See* 11 U.S.C. § 1112(b)(1)-(2) (indicating that the absence of a reasonable likelihood of rehabilitation and the inability to effectuate a reorganization plan are proper reasons for dismissing a bankruptcy case).